UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAJID ALFARAG,<br><br>                    Plaintiff,<br><br>        v.<br><br>LAKEWOOD POLICE DEPARTMENT,<br><br>                    Defendant. | CASE NO. 3:23-CV-05065-LK<br><br>ORDER DISMISSING COMPLAINT WITH PREJUDICE AND DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Majid Alfarag's Amended Complaint. Dkt. No. 9. He is proceeding pro se and *in forma pauperis* ("IFP"). Dkt. No. 4.

## I.    BACKGROUND

On February 6, 2023, the Court dismissed Mr. Alfarag's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) but granted leave to amend. Dkt. No. 8 at 3, 5–6. The Court also denied his motion for court-appointed counsel. *Id.* at 4–6. In his amended complaint, Mr. Alfarag alleges that his case was "rejected" because he does not have assistance of counsel. Dkt. No. 9 at 4. He states that he has been seeking legal assistance "for months" to no avail. *Id.* ("I contacted many different agencies that provide legal assistan[ce], like Tacoma Pro [B]on[o] and Northwest Justice Project

1    (Clear), [but] they didn't offer me help."). Mr. Alfarag further contends that he cannot name

2    specific defendants in this suit because the Lakewood Police Department will not provide that

3    information and "are not willing to work with [him]." *Id.*

4                                    **II.    DISCUSSION**

5            The Court cautioned Mr. Alfarag that it would dismiss this case with prejudice if he failed

6    to file a timely amended complaint correcting the deficiencies in his original complaint. Dkt. No.

7    8 at 5; *see id.* at 2–3 (identifying deficiencies). The amended complaint fails to correct any of the

8    deficiencies. Namely, Mr. Alfarag still fails to allege a "special relationship" with the Lakewood

9    Police Department sufficient to overcome the general rule that state officials have no constitutional

10   duty to protect members of the public at large from crime. *See Balistreri v. Pacifica Police Dep't*,

11   901 F.2d 696, 699–700 (9th Cir. 1988). To reiterate the legal standard: as numerous higher

12   courts—including the Ninth Circuit—have held, "in general, [there is] no constitutional duty of

13   state officials to protect members of the public at large from crime," but "such a duty may arise by

14   virtue of a 'special relationship' between state officials and a particular member of the public."

15   *Id.*; *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989)

16   ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where

17   such aid may be necessary to secure life, liberty, or property interests of which the government

18   itself may not deprive the individual"; accordingly, "a State's failure to protect an individual

19   against private violence simply does not constitute a violation of the Due Process Clause."); *Albra*

20   *v. City of Fort Lauderdale*, 232 F. App'x 885, 888 (11th Cir. 2007) ("Police officers have a duty

21   to protect the public as a whole, but do not owe the victim of a crime any common law duty of

22   care, absent a special duty to, or relationship with, the victim. The power of a police officer to

23   choose whether to make an arrest or enforce the law is a discretionary function." (citation

24   omitted)).

1    Mr. Alfarag is also "appealing the denial of the 'Request a council' form [he] submitted

2 with this case." Dkt. No. 9 at 4. The Court construes this as a motion for reconsideration. Such

3 motions are disfavored, and the Court will deny them "in the absence of a showing of manifest

4 error in the prior ruling or a showing of new facts or legal authority which could not have been

5 brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *Santiago v. Gage*, No.

6 3:18-CV-05825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) ("Mere disagreement

7 with a previous order is an insufficient basis for reconsideration[.]"). Mr. Alfarag emphasizes his

8 unsuccessful quest for private legal representation—the same basis he advanced in his original

9 motion for court-appointed counsel. *Compare* Dkt. No. 9 at 4, *with* Dkt. No. 6 at 2. As the Court

10 previously explained, however, his fruitless plight does not supply the "exceptional circumstances"

11 necessary to justify a request for appointment of counsel. Dkt. No. 8 at 5 (citing *Arenas v. Inslee*,

12 No. 19-CV-5339-RJB, 2019 WL 3387333, at *3 (W.D. Wash. July 26, 2019)); *see Agyeman v.*

13 *Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 1986) (Section 1915(e)(1) permits district courts

14 to "request" appointment of counsel for indigent litigants in "exceptional circumstances").

### III.   CONCLUSION

16    The Court DISMISSES Mr. Alfarag's amended complaint with prejudice and DENIES his

17 motion for reconsideration. Dkt. No. 9.

18    Dated this 27th day of February, 2023.

20                                          Lauren King
                                          United States District Judge

ORDER DISMISSING COMPLAINT WITH PREJUDICE AND DENYING MOTION FOR RECONSIDERATION
- 3